Eastern District of Kentucky
**FILED**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
at COVINGTON**

MAY 1 8 2006

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**CIVIL ACTION NO. 04-143 - WOB**

**BRENDA ABERCROMBIE**                                    **PLAINTIFF**

**VS.**                             **OPINION AND ORDER**

**UNITED STATES DEPARTMENT OF AGRICULTURE**          **DEFENDANT**

This is an appeal of an administrative decision denying plaintiff's claim for damages as a result of the United States Department of Agriculture's (USDA) alleged discrimination of her, on the basis of her gender, in the administration of farm loan programs.  This matter is before the court on the status reports of both parties (Docs. 30 & 31).

On January 10, 2005, this court granted plaintiff's request for a stay pending a decision regarding the denial of the motion for class certification in <u>Love v. Venneman</u>, Civ. Action 00-CV-2502 in the United States District Court for the District of Columbia.[1]  Plaintiff explained that, if the appeal on class certification was granted, she planned to join the <u>Love</u> class action.

---

[1]On October 19, 2000, a putative nationwide class action was filed in the United States District Court for the District of Columbia on behalf of women farmers who were discriminated against on the basis of their gender in obtaining farm loans by the USDA during 1981-1996.

In their respective status reports, the parties have represented to the court that the District of Columbia Circuit has issued its decision in <u>Love v. Venneman</u>, 429 F.3d 723, 732 (D.C. Cir. 2006), and has affirmed the district court's denial of class certification. Accordingly, the plaintiff will not join a class action and the stay of the pending matter is lifted.

Having lifted the stay, the Court will now rule on the Defendant's pending motion for reconsideration (Doc. #17) and plaintiff's response thereto.

**FACTS**

Plaintiff alleges that the USDA discriminated against her on the basis of her gender in connection with the administration of farm loan programs.

Plaintiff and her husband, now deceased, owned two farms located in Pendleton County, Kentucky. Plaintiff was responsible for farm administration, and her husband was responsible for farm production. Plaintiff alleges that she consistently encountered problems while trying to obtain loan applications and assistance from the supervisor of Farmers Home Administration (FmHA), the local agent of the USDA.

Plaintiff alleges that the FmHA supervisor denied her access to available programs, refused access to loan applications, refused equal access to services and denied loans

2

because of her gender.  Plaintiff alleges she was forced to file

for bankruptcy because of FmHA's actions.

In November 1984, plaintiff's counsel submitted a letter to

the Office of Inspector General of the Department of Agriculture

alleging plaintiff's civil rights had been violated.  Plaintiff

alleges that this letter constitutes her original complaint of

discrimination to USDA.  The letter, however, did not

specifically state she alleged discrimination or the basis of the

discrimination.  Specifically, the letter complained of:

> ". . . a scheme by persons acting in concert who are
> attempting to force the [Plaintiff and her husband] into a
> situation where the farm in question could be bought up
> cheaply. . . .so as to benefit from the proposed erection of
> the Falmouth dam. . . .
> I have made the [Plaintiff and her husband] aware of your
> decision yet they still feel that their civil rights have
> been violated.

(AR 14-15).

In response to this letter, the Regional Inspector General

for Investigations stated that the office was still declining to

accept the matter for investigation.  He further noted

plaintiff's reference to an "unspecified 'civil rights'

violation" and stated that they had the option of referring any

complaints of discrimination to the Office of Equal Opportunity

of the USDA.

The plaintiff further alleges she made specific complaints

of gender discrimination to Paul Rausch, an employee of the USDA

3

and county supervisor for Pendleton County, Kentucky.  The verbal complaints were verified by a July 2003 affidavit of Paul Rausch.

Plaintiff alleges that she continued to write additional letters to various government officials and agencies complaining of the unfair practices of FmHA.  She did not receive satisfactory responses to any of her letters.

On August 5, 1999, in response to a letter from USDA's Office of Civil Rights regarding information needed to process her complaint, plaintiff stated she believed her complaint was originally filed in October 1984.  The letter stated: "[i]t is my position that myself and my deceased husband, James E. Brown were discriminated against by former Pendleton County Supervisor, Walter Steve Atkinson and his successors."  The letter did not identify the basis of discrimination.

On January 31, 2003, plaintiff's counsel sent the Office of Civil Rights a copy of the original complaint, dated November 27, 1984, and a memorandum setting forth the basis of plaintiff's complaint: gender discrimination.  On April 9, 2003, the USDA's Office of Civil Rights issued a position statement in response to plaintiff's January 2003 memorandum, concluding plaintiff's complaint was an "eligible complaint" under § 741.  The Office of Civil Rights reached this conclusion upon finding the plaintiff should be permitted to amend her complaint at a late stage because "systemic failures at USDA regarding [the Civil Rights

4

Office's] negligent processing of administrative actions" were the cause of plaintiff's complaint not being received until January 2003.   Further, the Civil Rights Office had a policy to contact complainants to ascertain the basis of their complaints. Thus, "[h]ad this complaint been properly and timely processed in 1984, [the Civil Rights Office] would have determined the basis much earlier in the administrative process."

The Director for Programs of the Office of Civil Rights sent its position statement to the ALJ's office of HUD for the scheduling of an administrative hearing.   The USDA filed a motion to dismiss based upon plaintiff's failure to timely file an eligible complaint.

The ALJ ruled that plaintiff's claim was barred because she did not establish the jurisdictional requirements of § 741. Specifically, he found that she did not file an "eligible complaint" of discrimination with the USDA on or before July 1, 1997.   Accordingly, the ALJ dismissed the complaint and did not examine the issue of whether or not plaintiff established a prima facie showing of discrimination.

The plaintiff brought this action seeking review of the administrative decision.   On January 10, 2005, this court issued an Opinion and Order finding Plaintiff's written and verbal complaints construed together constituted an "eligible complaint"

5

under § 741.  The defendant filed the current motion asking the
court to reconsider its ruling.

## ANALYSIS

In its January 10, 2005 opinion, this court held that the
November 1984 letter from plaintiff's attorney, stating that
plaintiff and her husband felt their civil rights had been
violated, did not on its own constitute an eligible complaint
under § 741.  <u>Agriculture, Rural Development, Food and Drug
Administration and Related Agencies Appropriations Act of 1999</u>,
§ 741 (1998) (codified as a note to 7 U.S.C. § 2279 note)
(hereinafter "§ 741").[2]  Specifically, the letter did not explain

---

[2]

 Section 741 states:
Waiver of Statute of Limitations.
(a) To the extent permitted by the Constitution, any civil
action to obtain relief with respect to the discrimination
alleged in an eligible complaint, if commenced not later
than 2 years after the date of the enactment of this Act,
shall not be barred by any statute of limitations.
(b) the complainant may, in lieu of filing a civil action,
seek a determination on the merits of the eligible complaint
by the Department of Agriculture if such complaint was filed
not later than 2 years after the date of enactment of this
Act. [Oct. 21, 1998]. . . .
(c) Notwithstanding subsection (a) and (b), if an eligible
claim is denied administratively, the claimant shall have at
least 180 days to commence a cause of action in a Federal
court of competent jurisdiction seeking a review of such
denial;
(D) The United States court of Federal Claims and the United
states District Court shall have exclusive original
jurisdiction over:
    (1) any cause of action arising out of a complaint with
respect to which this section waives the statute of
limitations; and
    (2) any civil action for judicial review of a

6

that plaintiff believed she had been discriminated against on the basis of her gender.

The court held, however, that although there are no cases directly on point, plaintiff's subsequent verbal complaints to a USDA administrator, made before the July 1997 cut-off date, provided the USDA with timely notice of the basis for her November 1984 filing.  The USDA argues that in so holding, the court improperly expanded the limited waiver of sovereign immunity granted by § 741.

The defendant is correct that § 741 must be interpreted strictly in favor of the Government because § 741 is a waiver of sovereign immunity.  See, e.g., In re John and Mary Visconti, USDA Docket No. 1165, HUDALJ No. 00-12-NA (Feb. 20, 2001), aff'd May 22, 2001.

The purpose of § 741 was to cure the problems associated with the USDA's inefficient handling of civil rights complaints during much of the 1980's and 1990's.  63 FR 67392(1998).  The

_____

determination in an administrative proceeding in the Department of Agriculture under this section.
(e) As used in this section, the term "eligible complaint" means a nonemployment related complaint that was filed with the Department of Agriculture before July 1, 1997 and alleges discrimination at any time during the period beginning on January 1, 1981 and ending December 31, 1996,
. . . ..
Agriculture, Rural Development, Food and Drug Administration and Related Agencies Appropriations Act, 1999, § 741, enacted in Division A, section 101(a) of the Omnibus Consolidated and emergency Supplemental Appropriations Act, 1999, Pub. L. 105-277, 112 Stat. 2681 (Oct. 21, 1998) (codified at 7 U.S.C. § 2279 note)

Office of Civil Rights' position statement concludes that this
very problem is what caused plaintiff's complaint not to have
been properly processed, which would have timely discerned the
basis of the alleged civil rights violation.

Nevertheless, the law is clear that any waiver of sovereign
immunity must be "construed strictly in favor of the sovereign"
and must not be enlarged beyond what the language of the waiver
requires.   United States v. Nordic Village, Inc., 503 U.S. 30, 34
(1992), quoting McMahon v. United States, 342 U.S. 25, 27 (1951).
Therefore, pursuant to the strict interpretation of § 741,
plaintiff must have filed an eligible complaint alleging
discrimination before July 1, 1997.

Section 741(e) defines "eligible complaint" as:

> (e) As used in this section, the term "eligible complaint"
> means a nonemployment related complaint that was filed with
> the Department of Agriculture before July 1, 1997 and
> alleges discrimination at any time during the period
> beginning on January 1, 1981 and ending December 31, 1996.

In November 1984, plaintiff's counsel submitted a letter to
the Office of Inspector General of the Department of Agriculture
alleging plaintiff's civil rights had been violated.   Plaintiff
alleges that this letter constitutes her original complaint of
discrimination to the USDA.   The letter, however, did not
specifically state that she alleged discrimination or the basis
of the discrimination.

8

During 1983-1987, Plaintiff verbally complained to Mr. Paul
Rausch, the USDA's Pendleton County supervisor, that the USDA had
discriminated against her on the basis of her gender.  Plaintiff
contends that these verbal complaints placed the defendant on
notice that gender discrimination was the basis of her written
complaint.

The USDA decisions, submitted by the defendant, have held
that oral complaints to agency officials alleging a basis
protected by § 741 do not satisfy the requirements for an
eligible complaint.  See In Re Nagel, USDA Docket No. 1169,
HUDALJ No. 03-16-NA (June 2, 2003) (only timely written complaint
was with regard to employment discrimination, which is
specifically excluded from § 741 consideration); In Re
Scrutchfield, USDA Docket No. 1152, HUDALJ No. 03-22-NA (June 24,
2003)(no timely filed written complaint); In Re Hall, USDA Docket
No. 1132, HUDALJ No. 03-44-NA (October 1, 2003)(complainant made
only verbal complaints to the USDA, written complaints to other
agencies and a Senator did not meet requirements).

The ALJ in In Re Hall stated:

"[t]he strict construction requirement of a waiver of
sovereign immunity mandates exacting adherence to the
prerequisites.  Oral complaints to Agency officials, written
complaints to other agencies or to a U.S. Senator, even if
the written complaint was forwarded to the USDA, is simply
inadequate to satisfy the strict construction that must be
given to the statute of limitations period waiver."

The issue at hand is whether the court improperly extended the government's waiver of sovereign immunity when it looked at the oral complaints along with the written complaint in determining whether the elements of an "eligible complaint" were met.  Section 741 does not state whether or not the court can look outside the four corners of the complaint in determining whether the complainant has met the elements of an "eligible complaint."  A waiver of sovereign immunity, however, must be strictly construed.  The court finds that looking outside the four corners of the complaint was an improper enlargement of the waiver.  Where a statute can be read to encompass two "plausible" readings of the statute, the reading which favors the sovereign must be adopted.  <u>United States v. Williams</u>, 514 U.S. 527, 531 (1995).

Accordingly, the court finds the defendant's motion to reconsider is well taken, and finds that the defendant's motion to dismiss should be granted.

The court being otherwise sufficiently advised,

**IT IS ORDERED**:

1. that the stay of this matter be, and it is, hereby lifted;

2. that defendant's motion to reconsider (Doc. #17) be, and it is, hereby **granted**;

10

3. that the court hereby **vacates** its Opinion and Order of January 10, 2005 (Doc. #16);

4. that defendant's motion to dismiss (Doc. #3) be, and it is, hereby **granted**; and

5. that this matter be, and it is, hereby **dismissed** and stricken from the docket of this court.  A separate judgment will enter.

This _16/h_ day of May 2006.

**WILLIAM O. BERTELSMAN, JUDGE**

11